**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Quentin Lamont HOWARD,**
**Defendant–Appellant.**

**No. 07–50412.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 13, 2009 *.

Filed Jan. 26, 2009.

Jeffrey Backhus, Esquire, Michael J. Raphael, Esquire, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Wayne Richard Young, Law Office of Wayne R. Young, Santa Monica, CA, for Defendant–Appellant.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: O'SCANNLAIN, BYBEE, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Quentin Lamont Howard appeals from the 120–month sentence imposed following his guilty-plea conviction for distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Howard contends that the government engaged in sentencing entrapment by deliberately using his sexual attraction to the informant to induce him into selling a larger quantity of crack than he otherwise would have, thereby triggering a higher mandatory minimum sentence. The district court did not clearly err in finding that Howard failed to meet his burden of demonstrating entrapment by a preponderance of the evidence. *See United States v. Naranjo,* 52 F.3d 245, 250 n. 13 (9th Cir.1995) (finding that the burden is on the defendant to demonstrate both a lack of intent and a lack of resources to complete the transaction in order to sustain a claim of sentencing entrapment).

**AFFIRMED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.